## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALFREDO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-705-PRW |
| | ) | |
| DOLGENCORP LLC, | ) | |
| d/b/a Dollar General Store 10511, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Plaintiff's Motion to Remand (Dkt. 2), seeking remand of this action to the District Court of Canadian County. This matter is fully briefed, and for the reasons stated below, Plaintiff's Motion (Dkt. 2) is **GRANTED IN PART** and **DENIED IN PART.**

### *Background*

Plaintiff's claims arise from a slip and fall incident that took place at a Dollar General store located in Mustang, Oklahoma. On March 20, 2023, Plaintiff brought suit against Dolgencorp, LLC d/b/a Dollar General Store #10511, Edcat, LLC, and Harmono E. Sisson in the District Court of Canadian County, Oklahoma, alleging claims for negligence and premises liability. Edcat and Sisson own the building, which was then leased to Dolgencorp, who operated it as a Dollar General store. Plaintiff, Edcat, and Sisson are all Oklahoma citizens. Dolgencorp is a citizen of Tennessee.

While in state court, Dolgencorp moved to dismiss Edcat and Sisson for failure to state a claim. The district court denied the motion. Almost a year later, on May 15, 2024,

1

Edcat and Sisson moved for summary judgment, which the district court granted on June 24, 2024. In light of the district court's grant of summary judgment dismissing the non-diverse defendants from the action, Dolgencorp removed the action to this Court on July 15, 2024—almost fifteen months after its initiation—purporting to invoke this Court's diversity of citizenship jurisdiction. Plaintiff now moves for remand of the case back to the District Court of Canadian County.

## *Legal Standard*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"[1] But because federal courts "are courts of limited jurisdiction, there is a presumption against [federal jurisdiction]."[2] Removal statues are to be strictly construed, and doubts generally must be resolved against removal.[3] The party invoking federal jurisdiction bears the burden of demonstrating that jurisdiction is proper.[4]

As relevant here, when removal is premised on diversity of citizenship jurisdiction, 28 U.S.C. § 1332 requires that "the citizenship of each plaintiff is diverse from the

---

[1] 28 U.S.C. § 1441(a).

[2] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *City of Lawton v. Chapman*, 257 F.2d 601, 603 (10th Cir. 1958)).

[3] *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

[4] *Basso*, 495 F.2d at 909 (citing *Wilshire Oil Co. of Tex. v. Riffe*, 409 F.2d 1277, 1282 (10th Cir. 1969)).

citizenship of each defendant,"[5] and that the amount in controversy exceeds $75,000.[6] Under § 1446(b), a notice of removal "shall be filed within 30 days" of service if the case is immediately removable,[7] and if not immediately removable, "within 30 days after receipt by the defendant . . . a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."[8] However, in cases premised on diversity of citizenship jurisdiction, "[a] case may not be removed under subsection (b)(3). . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[9]

## Discussion

Plaintiff seeks remand of this action, arguing that removal was untimely because Dolgencorp purports to invoke diversity jurisdiction and removed the case more than one year after the initiation of the suit in state court, which is barred by 28 U.S.C. § 1446(c)(1) absent a showing of bad faith. Plaintiff further argues that removal is precluded by the voluntary-involuntary rule, because the case only became removable after the state court's grant of summary judgment in favor of Edcat and Sisson, an involuntary change.

---

[5] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

[6] 28 U.S.C. § 1332(a).

[7] 28 U.S.C. § 1446(b)(1).

[8] *Id*. § 1446(b)(3).

[9] *Id*. § 1446(c)(1); *see Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) ("'[W]hen federal jurisdiction is based on diversity jurisdiction, the case generally must be removed within '1 year after commencement of the action[.]'" (quoting 28 U.S.C. § 1446(c)(1))).

Dolgencorp argues in response that while removal occurred more than one year after initiation of the suit in state court, its removal was timely under the bad-faith exception to § 1446(c)(1) because Plaintiff sued the non-diverse defendants, Edcat and Sisson, solely to prevent Dolgencorp from removing the case to federal court. Dolgencorp also argues that the voluntary-involuntary rule was abolished with the 2011 amendment to 28 U.S.C. § 1446, so its removal was timely and proper.

## I.    The Voluntary-Involuntary Rule

The Court begins its analysis with the voluntary-involuntary rule because its application is determinative. The voluntary-involuntary rule is a longstanding judge-made exception to removability under § 1446(b).[10] Stemming from the Supreme Court's decision in *Powers v. Chesapeake & Ohio Railway Co.*,[11] the rule provides that when a case is not initially removable, it cannot be made removable by evidence provided by a defendant or "an order of the court upon any issue tried upon the merits."[12] Rather, only a plaintiff's voluntary actions—such as amendment of the pleadings or voluntary dismissal of non-diverse defendants—can make a case removable.[13] The doctrine of fraudulent joinder is a widely accepted exception to the voluntary-involuntary rule.[14]

---

[10] *See Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281–82 (1918); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487–88 (10th Cir. 1979).

[11] 169 U.S. 92 (1898); *see DeBry*, 601 F.2d at 487 (discussing the history of the voluntary-involuntary rule).

[12] *Great N. Ry. Co.*, 246 U.S. at 281.

[13] *Id.*

[14] *See id.* at 282 (stating that "in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to

Dolgencorp argues that the voluntary-involuntary rule was abrogated by the 2011 amendment to 28 U.S.C. § 1446, which added the bad-faith exception to the one-year removal window in diversity suits.[15] For this assertion, Dolgencorp relies on a Fifth Circuit case, *Hoyt v. Lane Construction Corp*.[16] But the *Hoyt* court did not conclude that the voluntary-involuntary rule was abrogated by the 2011 amendment to § 1446.[17] Rather, it declined to apply the rule to the facts of that case on the basis of the fraudulent joinder exception.[18] Dolgencorp offers no other support for its assertion that the voluntary-involuntary rule has been eliminated, and the Court has found none. Although the voluntary-involuntary rule has not been addressed by the Supreme Court in more than a

---

removability of a case[.]"); *Hoyt v. Lane Constr. Corp.,* 927 F.3d 287, 295 (5th Cir. 2019), *as revised* (Aug. 23, 2019) ("The judicially created voluntary-involuntary rule is *itself* subject to a judicially created exception for improper joinder." (citing *Great N. Ry. Co.*, 246 U.S. at 282) (emphasis in original)); *Caribe Chem Distribs., Corp. v. S. Agric. Insecticides, Inc.*, 96 F.4th 25, 30 n.2 (1st Cir. 2024) (stating that the voluntary-involuntary rule "does not include the ability to defeat removal by fraudulently joining nondiverse defendants." (citing *Hoyt*, 927 F.3d at 295)).

[15] *See Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1259–60 (D.N.M. 2014) (explaining the changes to § 1446(c) made by the 2011 amendment).

[16] 927 F.3d 287 (5th Cir. 2019), *as revised* (Aug. 23, 2019).

[17] In fact, the case does not discuss the voluntary-involuntary rule in the context of the 2011 amendment at all. It does, however, specifically note that the court previously concluded that the 1949 amendment to § 1446(b) did *not* abrogate the rule. *Hoyt*, 927 F.3d at 295 (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547–48 (5th Cir. 1967)).

[18] *See Hoyt*, 927 F.3d at 295–96 (concluding that the voluntary-involuntary rule did not apply because the defendant in question was improperly joined) & 292 n.1 (stating that the Fifth Circuit has adopted the term "improper joinder" rather than "fraudulent joinder," but "there is no substantive difference between the two terms." (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc))). The Fifth Circuit has also held that the improper joinder of claims under Federal Rule of Civil Procedure 20 is an exception to the voluntary-involuntary rule. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

century,[19] it was adopted by the First Circuit just last year,[20] and has been recently applied by other courts in this Circuit.[21] Without any authority to the contrary, the Court declines to conclude that the rule has been abrogated.

Here, Dolgencorp does not argue that Edcat and Sisson were fraudulently joined such that the voluntary-involuntary rule does not apply. Though Dolgencorp makes a few references to "spurious" and "erroneous" joinder, it frames its argument entirely in the context of the bad faith exception, arguing that Plaintiff simply did not pursue his claims against Edcat and Sisson, not that Plaintiff *couldn't* pursue his claims against the two.[22] And even if Dolgencorp were attempting to argue that Edcat and Sisson were fraudulently joined in its response, courts in this district have held that such an argument must be raised

---

[19] *See Aguayo*, 59 F. Supp. 3d at 1268.

[20] *See Caribe Chem Distribs.*, 96 F.4th at 31 (1st Cir. 2024) ("We therefore follow the lead of the other circuits . . . in holding that the voluntary/involuntary rule precludes removal where the nondiverse defendants are dismissed in the absence of plaintiff's voluntary action.").

[21] *See Great Plains Nat'l Bank v. StarNet Ins. Co.*, No. CIV-22-00190-JD, 2022 WL 22869652, at *1–3 (W.D. Okla. Mar. 29, 2022); *Stroud v. Am. Econ. Ins. Co.*, No. 24-CV-00223-GKF-SH, 2024 WL 3186652, at *2 (N.D. Okla. June 26, 2024); *Wright v. Am. Nat'l Prop. & Cas. Co.*, No. CIV-16-149-D, 2016 WL 2622015, at *2–3 (W.D. Okla. May 6, 2016); *see also Aguayo*, 59 F. Supp. 3d at 1265 ("[T] the bad-faith exception does not abrogate, nor is it an exception to, the voluntary-involuntary rule—the rule that states that the plaintiff must voluntarily dismiss the removal spoiler, rather than the removal spoiler securing his or her own dismissal, for the case to be removable.").

[22] *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (holding that fraudulent joinder requires a showing of "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (quoting *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir. 2011))).

in the notice of removal.[23] Dolgencorp did not do so. Because Edcat and Sisson were dismissed by an involuntary action—i.e., a court order on the merits—and Dolgencorp did not argue that the two were fraudulently joined, this action did not become removable upon Edcat and Sisson's dismissal.[24]

## II.    The Bad-Faith Exception

Even if the state court's grant of summary judgment to the non-diverse defendants made this action removable, Dolgencorp's removal was nonetheless untimely because the Court cannot conclude that Plaintiff acted in bad faith to prevent removal. The Tenth Circuit has not yet provided guidance on analyzing whether a plaintiff has acted in bad faith to prevent removal, thus falling within the exception to 28 U.S.C. § 1446(c)'s one-year limit. But this Court,[25] along with district courts both within this Circuit and beyond,[26] have applied the two-step framework set forth in *Aguayo v. AMCO Insurance. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014). This is the framework urged by Dolgencorp, and though Plaintiff opposes, he provides no alternative.

---

[23] *See Hanson v. Dollar Gen.*, No. CIV-21-362-D, 2021 WL 2026452, at *2 (W.D. Okla. May 20, 2021) ("[A] claim of fraudulent joinder must be pleaded in the notice of removal." (citations omitted)); *Palacio v. Alamo Livestock, LLC*, No. CIV-23-00526-JD, 2024 WL 1008581, at *2 (W.D. Okla. Mar. 8, 2024) (declining to consider an argument of fraudulent joinder raised for the first time in a response); *Stroud*, 2024 WL 3186652, at *2 (same).

[24] *See McCoy v. Washington*, No. 7:24-cv-00879-LSC, 2024 WL 4545972, at *3 (N.D. Ala. Oct. 22, 2024) (holding that removal was barred by the voluntary-involuntary rule after the state court's grant of summary judgment to non-diverse defendant).

[25] *See Rowan v. State Farm Fire & Cas. Co.*, No. CIV-19-00205-PRW, 2019 WL 4166697 (W.D. Okla. Sept. 3, 2019); *Graham v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-00793-PRW, 2020 WL 1699554 (W.D. Okla. Apr. 8, 2020).

[26] *See Rowan*, 2019 WL 4166697, at *5 n.34 (collecting cases).

> *Aguayo's* two-step analysis proposes a burden-shifting framework:
>
> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at this stage—*e.g.*, electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal—but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.[27]

*Aguayo* emphasizes, however, that the standard requires "a smoking gun or close to it."[28] Although that might be stating the rule too strongly, it appears that *Aguayo*'s requirement "that the defendant must present strong, relatively compelling evidence, direct or circumstantial, of the plaintiff's subjective intent in order to rebut the presumption of good faith" is substantially correct.[29]

Applying the *Aguayo* framework, Plaintiff did not propel discovery from or engage in settlement negotiations with Edcat or Sisson. But Plaintiff's claims against them were valid and made in apparent good faith, and Plaintiff actively participated in motion practice in state court. Though a close call, Plaintiff is entitled to a presumption of good faith in

---

[27] *Aguayo*, 59 F. Supp. 3d at 1262–63.

[28] *Id.* at 1277.

[29] *Holman v. Coventry Health & Life Ins. Co.*, No. CIV-17-0886-HE, 2017 WL 5514177, at *2 (W.D. Okla. Nov. 17, 2017).

consideration of the broad interpretation given to "active litigation."[30] Dolgencorp has offered no evidence or argument to rebut that presumption. Without a finding of bad faith, Dolgencorp's removal was untimely as it fell outside the one-year window permitted under § 1446(c).[31]

## III.    Costs and Fees

Plaintiff also seeks costs and fees for Dolgencorp's removal under 28 U.S.C. § 1447(c). The determination to award costs and fees under § 1447(c) is discretionary,[32] but because the Court cannot say that there was no "objectively reasonable basis" for Dolgencorp's removal,[33] this request is denied.

### *Conclusion*

For the reasons given above, the Court concludes that removal of this action was improper. As such, Plaintiff's Motion to Remand (Dkt. 2) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's request to remand the case back to state court is **GRANTED**, and Plaintiff's request for costs and fees is **DENIED**. This action is **REMANDED** to the District Court of Canadian County, Oklahoma.

---

[30] *Aguayo*, 59 F. Supp. 3d at 1264, 1275 ("[A]ny one form of active litigation satisfies the standard's first step.").

[31] Dolgencorp's citizenship is difficult to glean from its Notice of Removal. In its Response, it clarifies its citizenship, and Plaintiff does not contest that Dolgencorp is a citizen of Tennessee. Dolgencorp requests leave to amend its Notice to more adequately allege its citizenship, but because the Court concludes that removal was otherwise improper, such amendment would be futile.

[32] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

[33] *Id.* at 141.

**IT IS SO ORDERED** this 25th day of February 2025.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE